IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC A. JOHNSON and <br> CAMILLA M. JOHNSON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> THE PNC FINANCIAL SERVICES <br> GROUP, INC., *et al.*, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 4:23-cv-01275-O-BP <br> § <br> § <br> § <br> § <br> § <br> § |

**FINDING, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a case involving real property located in Tarrant County, Texas. ECF No. 1. The case was referred to the undersigned pursuant to Special Order No. 3. ECF No. 2. Before the Court are the Motion to Dismiss and supporting brief filed by Defendant PNC Bank, N.A. ("PNC") (ECF Nos. 5, 6) and the Response filed by Plaintiffs (ECF No. 8). Having considered the Complaint, Motion, Response, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** PNC's Motion and **DISMISS** Plaintiffs' claims against it **with prejudice**.

**I.    BACKGROUND**

Plaintiffs seek a declaration that their mortgage is void and that they have full title to their home. ECF No. 1 at 1-2, 7. They allege that:

> [a] blank allonge attached to the note after 180 days is a banking fraud and the creditor is in possession of an impaired asset. In this case the PNC allonge attached to the promissory note as the negotiable instrument, does not contain PNC as a third-party or bearer but rather, the provided copy . . . shows a self-endorsement that affirms to the Plaintiffs, the lender by its own election cancelled the debt.

> Upon the cancellation of debt, (hereinafter COD), by involuntary conversion, the note is extinguished, and the loan is cancelled in exchange for title. The property title is thereafter irrevocably granted and conveyed into a trust as the security instrument of a debt owed by the lender to a creditor with a third-party trustee as nominee. The nominee becomes the seller of the title back to the homebuyer by collecting the monthly payments of ordinary income as rent subject to federal and state withholding for taxes in the year of disposition upon which the value of the note is for the repurchase of the homebuyer's title.

ECF No. 1 at 4.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12 authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When examining the complaint to ascertain whether it presents a claim for which relief can be granted, courts must constrain their analysis to the pleadings alone. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Whether represented by counsel or appearing *pro se*, a plaintiff must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To satisfy Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief

2

that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Twombly*, 550 U.S. at 556). Conversely, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

"Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But if the court finds a plaintiff has alleged his or her best case, the Court may foreclose the opportunity to amend and dismiss the complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (quoting *Bazrowx*, 136 F.3d at 1054). Likewise, an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). Therefore, the court does not err in dismissing a complaint with prejudice, such that the plaintiff has no opportunity to amend, if the complaint's sole legal basis is "indisputably meritless" or its factual constitution is "fantastic or delusional." *Id.*

**III.   ANALYSIS**

Plaintiffs base their claim on two provisions of the Internal Revenue Code: 26 U.S.C. § 108 (d)(1)(A)(B) and § 61(a). ECF No. 1 at 4-5. Section 108 (d)(1) defines "indebtedness of taxpayer," and section 61(a) defines "gross income" for the purpose of calculating taxable income. PNC argues that the Court should dismiss Plaintiffs' claims against it because those statutes do not provide a private right of action. ECF Nos. 5-6. PNC also argues that even if they did provide such a right, Plaintiffs do not state a claim upon which relief can be granted. *Id.* In response, Plaintiffs maintain that they properly stated their claim and that PNC "continue[s] to project a cavalier and reckless spirit and demeanor as held a problematic issue over the two years [sic]." ECF No. 8 at 1.

Neither statutory provision that Plaintiffs rely on provides them with a private right of action against PNC or any other party. Instead, they simply define terms in the Internal Revenue Code. Moreover, Plaintiffs do not articulate a coherent legal claim that is capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because Plaintiffs appear *pro se*, the Court scrutinizes their pleadings more leniently than it does pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a legal claim from within Plaintiffs' Complaint. The facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33. As such, the Complaint lacks and arguable basis in law, and Plaintiffs' claims are frivolous. *Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767.

Usually, courts should not dismiss *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings. *Bazrowx*, 136 F.3d at 1054. But a chance to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason*, 14 F.3d at 8-9 & n.5. Such is the case here. If allowed to amend their pleadings, Plaintiffs would be incapable of

assembling a legally cognizable claim. Further litigation will only waste Plaintiffs' time and resources, so dismissal with prejudice is not harsh here. Accordingly, the undersigned recommends that Judge O'Connor **GRANT** PNC's Motion and **DISMISS** Plaintiffs' claims against it.

## IV. CONCLUSION

Because Plaintiffs' Complaint fails to state a claim against PNC, and their claims against it are "indisputably meritless," the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** PNC's Motion to Dismiss (ECF No. 5) and **DISMISS** Plaintiffs' claims against it.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 11, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

5