IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC A. JOHNSON and<br>CAMILLA M. JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES<br>GROUP, INC., *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:23-cv-01275-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiffs on December 28, 2023. ECF No. 1. Because Plaintiffs did not properly serve process as provided by the Federal Rules of Civil Procedure and as ordered by the Court, and after reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.    BACKGROUND**

On April 11, 2024, the Court noted that Plaintiffs had not filed proof that they had properly served Defendant Amerisave Mortgage Corp. ("Amerisave") or Defendants "Does I through X." ECF No. 11. On April 11, 2024, the Court extended Plaintiffs' deadline by thirty days *sua sponte*. *Id.* The Court warned Plaintiffs that failure to "timely serve the remaining defendants by May 10, 2024" would result in the undersigned's recommendation that Judge O'Connor dismiss their claims without prejudice.

On May 10, 2024, Plaintiffs filed a United States Postal Service Certified Mail Receipt that indicated Plaintiff Eric A. Johnson attempted to comply with the Court's order by mailing service to Amerisave. ECF No. 12.

## II.   LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." According to Rule 4(m), a plaintiff has 90 days from the date he files his complaint in which to serve the defendants with a copy. If the plaintiff does not serve a defendant within that time, the Court must dismiss the case without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Rule 4(h) gives a plaintiff two ways to serve process on a corporation. A plaintiff may deliver a copy of the summons and complaint to an officer or agent of the corporation and "if the agent is one authorized by statute and the statute so requires" by mailing a copy of the complaint and summons. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1).

A plaintiff may not serve the summons and complaint himself. The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Additionally, under Texas law, "*no person who is a party to or interested in the outcome of a suit* may serve any process . . .

." Tex. R. Civ. P 103 (emphasis added). Rule 103 also lists a variety of persons who may serve process. *Id.* Unless service is made in another matter ordered by the court, the citation shall be:

> served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1)-(2). *See also* Tex. R. Civ. P. 107(a)-(h) (how to effectively return service). In cases such as this one where the defendant is absent from Texas or a non-resident of the state, Rule 108 provides that the form of notice to the defendant is the same, and "such notice may be served *by any disinterested person* who is not less than eighteen years of age" as provided under Rule 106. Tex. R. Civ. P. 108 (emphasis added).

The record does not show that Plaintiffs properly served the summons and complaint on the defendants as provided in Federal Rule of Civil Procedure 4(h). On April 11, 2024, the undersigned issued an Order explaining to Plaintiffs that they had not properly served the defendants and brought them before the Court for prosecution of this case. ECF No. 11. The undersigned specifically warned Plaintiffs that a "court upon its own initiative, after notice to the plaintiff, must dismiss the action without prejudice" if he does not properly serve the Defendant within 90 days of the date on which he filed his Complaint or by a specified date. *Id.* (citing Fed. R. Civ. P. 4(m)). The undersigned ordered Plaintiffs to perfect service of process on the defendant under the Federal Rules of Civil Procedure on or before May 10, 2024. *Id.* The Court warned them that if "they did not timely serve the remaining defendants" by that time, "the undersigned will recommend dismissal of their claims without prejudice."

Plaintiffs did not perfect service of process on the defendant by the extended deadline ordered by the Court. Their filing shows that Defendant Eric Johnson himself mailed the summons

3

and complaint (ECF No. 12), rendering the attempted service of process invalid. "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Plaintiffs failed to serve the defendant within ninety days of filing the Complaint. The Court extended the deadline and warned them of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's warning, they did not file

proof of proper service or allege good cause for failure to effect timely service. Accordingly, the Court should dismiss Plaintiffs' Complaint for failure to effect service in a timely manner.

### III.    CONCLUSION

Because Plaintiffs failed to serve the defendant as required by law and as ordered by the Court, the undersigned recommends that Judge O'Connor **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on May 30, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE